**AETNA INSURANCE COMPANY OF THE MIDWEST, Appellant,**

v.

**John RODRIGUEZ; John Rodriguez, d/b/a Atlas Transmission; John Rodriguez, d/b/a Custom Automotive; Shaver Motors, Inc., Associated Adjusters and Shaver Motors, Inc., Appellees.**

No. 75S03–8801–CV–14.

Supreme Court of Indiana.

Jan. 6, 1988.

Rehearing Denied March 10, 1988.

Charles T. Jennings, Donna H. Fisher, Jennings, Maas & Stickney, Indianapolis, for appellant.

Clyde D. Compton, Bonnie C. Coleman, Hodges, Davis, Gruenberg, Compton & Sayers, P.C., Merrillville, for appellees.

GIVAN, Justice.

On August 28, 1986, the Court of Appeals rendered the first opinion in this case in which they reversed the decision of the trial court. *Aetna v. Rodriguez* (1986), Ind.App., 496 N.E.2d 1321. On March 12, 1987, the Court of Appeals, in an opinion on rehearing, affirmed the decision of the trial court. *Aetna v. Rodriguez* (1987), Ind. App., 504 N.E.2d 1030.

In the latter opinion, the Court of Appeals relied upon the case of *Skendzel v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641 for the proposition that a conditional sale vendor should be treated as a mortgagee. Although the Court of Appeals quoted at length from Judge McLaughlin's trial court judgment, for the sake of understanding this opinion, we will repeat that quotation here:

"We have a prospective insured, Rodriguez, without a high school education (although he has made more money than most Judges will ever see) buying a product in a highly technical field. He knows he wants fire insurance to protect his property and knows that he must have

insurance to protect the former owner of the property to whom he still owes money. He contacts an insurance broker-agent who under the specific facts of this case, is the agent of the company and not that of the prospective insured.

The only facts in the record show that the prospective insured, Rodriguez, tells the broker-agent that he is buying this property from Shaver Chevy and making payments; that he wants insurance and wants Shaver Chevy protected on it.

The prospective insured does not know the difference between contracts and mortgages, much less the legal differences between the defenses of an insurance company as to contract sellers, loss payees, and mortgagees. I proffer the thought that, although others may know the distinction between the actual terms, only insurance attorneys and underwriters know the distinction as to company defenses which may be invoked against each of the above three classes of insureds, and I further suggest that many agents do not understand same or know there is a difference between the defenses.

No one asked the proposed insured: 'Are you buying this real estate on a long term conditional sale contract or did you get a deed then in return sign a promissory note and a real estate mortgage?' Neither did anyone check the Recorder's Office to determine any correct facts. No one even checked the correct names of the parties, but simply used the street vernacular.

The broker-agent and company were faced with a situation in which the words used by the prospective insured, Rodriguez, were susceptible of two or more meanings or interpretations. They did nothing to determine the correct interpretation or facts, but simply adopted the interpretation and wrote the insurance policy in the manner most legally advantageous to the company. When a company is faced with facts susceptible of many interpretations, said company is then under a duty to determine the correct interpretations and not simply adopt the one most advantageous to themselve[s] to the detriment of all others.

This is not a situation in which the proposed insured committed an intentional fraud by withholding information. He specifically made it known that someone else had an interest in this property and that he wanted them protected. He did not withhold any requested information, nor deliberately mislead the company. Neither is this a situation where the company is entitled to rely upon the application for insurance. There is no evidence there was ever any appli[c]ation.

Neither is this a case where Shaver was not a mortgagee, but was listed as one and after a loss, it tried to claim the proceeds as a mortgagee. Shaver was an actual mortgagee and had recorded their mortgage which is notice to any dealing with this property.

Under the particular facts of this case, Aetna is estopped to deny coverage to Shaver as a mortgagee.

Shaver should collect the amount of the principal secured by their mortgage together with pre-judgment interest at the same rate as the promissory note of Rodriguez to Shaver.

Shaver has asked for punitive damages. Shaver, prior to the loss, had a receipt showing that Rodriguez had purchased insurance. Shaver did not contact Aetna and object to their listing as a 'contract seller'. Thus, there is a legitimate controversy for trial and in as much as Shaver could also have prevented the conflict, it is now estopped to claim punitive damages.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that Shaver Motors, Inc., should recover of and from Aetna Insurance Company of The Midwest the total sum of One Hundred One Thousand, Eight Hundred Sixty-five Dollars and Thirty-five Cents ($101,865.35), being $92,765.98 principal, $4,185.07 as interest from 11/18/84 to 4/1/85, and $4,4914.30 [sic] as Interest from 4/1/85 to 10/1/85."

It is our view that Judge McLaughlin is correct in his observations. We quote his judgment here because we feel we cannot improve upon his language.

The first opinion written by the Court of Appeals was in error in reversing Judge

McLaughlin, and the second opinion written by the Court of Appeals is in error in applying the *Skendzel* case. As Judge McLaughlin points out, this is not a case of a conditional sales contract. The property transaction was a purchase secured by a mortgage. The fact that Aetna's agent did not ascertain the true situation is Aetna's responsibility.

 In its original opinion, the Court of Appeals correctly observed that in Indiana when a broker makes application for insurance and the insurance policy is issued, the broker is the agent of the insurer and can bind it within the scope of his authority. They cited *Indiana Insurance Company v. Hartwell* (1889), 123 Ind. 177, 24 N.E. 100 and other cases.

The March 12, 1987, decision of the Court of Appeals is set aside and the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.