**AGRARIAN GRAIN CO., INC.,**
**Appellant (Defendant Below),**

v.

**Don MEEKER, Appellee**
**(Plaintiff Below).**

No. 90A02–8703–CV–00117.

Court of Appeals of Indiana,
Second District.

July 18, 1988.

Ordered Published Aug. 17, 1988.

Christopher E. Baker, Rubin & Levin, Indianapolis, S. Daniel Weldy, III, Gallivan, Hamilton, Seese, Patterson & Weldy, Bluffton, for appellant.

Mark Paul Smith, Krueckeberg and Smith, Ft. Wayne, for appellee.

SHIELDS, Presiding Judge.

Agrarian Grain Co., Inc. (Agrarian) appeals a judgment awarding Don Meeker d/b/a Meeker's of Hildalgo, Illinois, damages on his complaint for overdue rent and denying Agrarian damages on its counter-

claim for breach of warranty. We affirm in part and reverse in part.

On October 21, 1969, Agrarian entered into a written contract with Meeker. Under the terms of the contract, Meeker agreed to add six rings of height to ten existing nine-ring grain bins owned by Agrarian. The additional space would then be leased to Agrarian for a four year term with an option to purchase.

In April 1970, a windstorm blew a bin under construction, in the south row, into a completed bin in the north row. Meeker replaced the bin in the south row but refused to replace the north row bin. By November of 1970, the five bins on the south row were completed and filled with grain. In less than a week, the south row of bins began to recorrugate, i.e., collapse or buckle. Following the problem with the destroyed bin in the north row and the recorrugation of the bins in the south row, Agrarian withheld further rental payments.

On December 2, 1974, Meeker filed a complaint for the overdue rental payments plus interest. Agrarian counterclaimed for damages as a result of Meeker's breach of contract. It demanded costs for the replacement of the destroyed bin in the north row and reconstruction of the five recorrugated bins in the south row.

The trial court awarded Meeker rental payments and interest totalling $86,191.20; it awarded Agrarian $23,912.41, including interest, for the destroyed bin in the north row but denied it damages for the five recorrugated bins in the south row. The parties, as did the trial court, treated this transaction as a sale of goods under Article 2 of the Uniform Commercial Code.

The restated issues are:

1) whether the trial court's finding that Agrarian did not notify Meeker of a revocation of its acceptance of the bins is clearly erroneous;

2) whether the trial court's finding that the implied warranty of merchantability was disclaimed is clearly erroneous; and

3) whether the trial court's judgment on the counterclaim is contrary to its findings.

■ On review, the requested special findings of fact and conclusions entered by the trial court are binding upon this court unless those findings or conclusions are clearly erroneous, *i.e.*, we are definitely and firmly convinced the trial court committed error. In determining whether the findings are clearly erroneous, this court will not reweigh the evidence nor determine the credibility of the witnesses, and will consider only the evidence in the record which supports the findings and the reasonable inferences which can be drawn from that evidence. *Campins v. Capels* (1984), Ind.App., 461 N.E.2d 712. Of course, the judgment entered by the trial court must accord with its special findings. If the judgment entered by the trial court is contrary to its special findings, it is contrary to law.

■ Agrarian argues the trial court's special finding that it did not notify Meeker it was revoking its acceptance of the bins is clearly erroneous.

Agrarian bases its argument upon Meeker's testimony he knew Agrarian was unhappy and dissatisfied with the five south row bins when Agrarian discontinued further rental payments after the recorrugation of the five bins.

Among other conditions, IC 26–1–2–608(2) (Burns 1974) provides revocation of acceptance is "not effective until the buyer notifies the seller of it." Based upon this requirement the trial court's finding is not clearly erroneous. Actual knowledge by Meeker that Agrarian's non-payment was due to its dissatisfaction does not unequivocally equate to notice of revocation.

Revocation has the effect of permitting the buyer to avoid his obligation to pay for the previously accepted goods (or to have his payment returned) if he returns the goods to the seller. IC 26–1–2–608(3), IC 26–1–2–602(2)(c) (Burns Supp.1988). Hence, notice of revocation must fairly apprise the seller that the buyer is returning the goods. Agrarian's failure to make further payments due to its dissatisfaction with the bins does not lead only to the conclusion it was returning the bins. In-

deed, the reasonable conclusion is Agrarian wanted the bins repaired. Therefore, the trial court's finding that Agrarian did not give notice of revocation to Meeker is not clearly erroneous. Accordingly, we affirm the trial court's judgment on Meeker's complaint.

 Agrarian argues the trial court's judgment against it on the counterclaim is contrary to law because the trial court's undisputed special findings mandate a judgment for Agrarian based upon Meeker's breach of the implied warranty of merchantability. Agrarian relies upon the statutory implied warranty of merchantability while Meeker argues the implied warranty of merchantability was excluded.

IC 26–1–2–314 (Burns Supp.1988) dictates:

> (1) Unless excluded or modified (Section 2–316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind....

IC 26–1–2–316 (Burns Supp.1988) in relevant part, provides:

(2) Subject to Subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous....

(3) Notwithstanding subsection (2) (a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty....

The trial court concluded the warranty of merchantability was disclaimed by language contained in Items 10 and 23 of the lease agreement. However, neither item mentions merchantability. Item 10 negates Meeker's liability for any consequential damages caused by the use of the bins and Item 23 states: "Lessee accepts full responsibility. Lessor does not guarantee any part hereof." Record at 133.

Because section 316 is strictly interpreted for the protection of the buyer, our courts liberally construe any disclaimer in favor of the buyer. *Jones v. Abriani* (1976), 169 Ind.App. 556, 350 N.E.2d 635, 645. Hence, language such as "there are no warranties expressed or implied" is ineffective because it does not mention merchantability. *Jones; Woodruff v. Clark County Farm Bureau Coop. Ass'n* (1972), 153 Ind.App. 31, 286 N.E.2d 188, 196. Therefore, as a matter of law, neither Item 10 nor Item 23 is effective under IC 26–1–2–316(2) to exclude the implied warranty of merchantability because neither Item mentions merchantability.

Furthermore, neither Item satisfies the exception in IC 26–1–2–316(3)(a) because the Items fail to use language which "in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty...."

A guarantee may make a guaranty as to quality of goods, the length of expected satisfactory use, or as an expressed assurance of satisfaction; a guarantee may also undertake to become responsible for the fulfillment of another's agreement. Hence, as a matter of law, the ambiguity in the correct usage of the word guarantee forestalls its use as a mechanism to call the buyer's attention to the seller's exclusion of the implied warranty that the goods are merchantable, i.e., are "fit for the ordinary purposes for which such goods are used...." IC 26–1–2–314(2)(c) (Burns Supp.1988)) Thus, Items 10 and 23 do not exclude Meeker's implied warranty of merchantability and the trial court clearly erred when it concluded from the undisputed language of Items 10 and 23 that the implied warranty of merchantability had been effectively disclaimed.

Agrarian further claims it is entitled to relief for Meeker's breach of the implied warranty of merchantability based upon the trial court's findings and therefore, the adverse judgment on its counterclaim is contrary to law. We agree.

Goods, to be merchantable, must be fit for the ordinary purposes for which such goods are used. IC 26–1–2–314(2)(c) (Burns Supp.1988). The "goods" in the instant agreement were "6 ring extensions to make 10—30 × 40 bins together with relate(d) aeration equipment." Record at 175. The purpose of the ring extensions was to increase the grain storage capacity of the bins.

The trial court's findings that five of the extended bins began to recorrugate almost immediately after they were filled because the stiffeners were improperly installed necessarily constitutes a finding of a breach of the implied warranty of merchantability. Bins which, before being extended, provided nine rows of storage and after being extended, not only failed to provide the agreed fifteen rows but only six because of recorrugation, are unquestionably not fit as a matter of law.

However, because Agrarian accepted the bins,[1] notice is a substantive condition precedent to recovery for a breach. IC 26–1–2–607(3)(a) (Burns Supp.1988) states:

(3) Where tender has been accepted

(a) The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy ...

The trial court's findings are silent as to whether Agrarian notified Meeker of the breach.[2] However, the notice required by IC 26–1–2–607(3)(a) is satisfied by the buyer's actual knowledge there are some problems with the goods. *McClure Oil Corp. v. Murray Equipment, Inc.* (1987), Ind. App., 515 N.E.2d 546, 554. Here, the trial court's findings that Meeker knew Agrarian was dissatisfied over the five recorrugated bins is a finding Meeker had actual knowledge of the problem, recorrugation, and Agrarian's dissatisfaction. Hence, the trial court found the elements of notice and having done so, could only have reached the conclusion that the notice required by IC 26–1–2–607(3)(a) was given.

Finally, the trial court found Agrarian was damaged insofar as it found Agrarian paid other contractors to rebuild the five recorrugated bins. Thus, the trial court's findings unerringly require that Agrarian recover on its counterclaim for breach of an implied warranty of merchantability for the five recorrugated bins. Therefore, we reverse the trial court's judgment on the counterclaim and remand it to the trial court with instructions to enter judgment for Agrarian for its damages for the five recorrugated bins in addition to its damages for the destroyed north row bin. In all other respects, the judgment is affirmed.

HOFFMAN and SULLIVAN, JJ., concur.

1. The trial court found that, according to trade custom grain bins are accepted when they are filled with grain. Agrarian filled the bins with grain in the fall of 1970.

2. The trial court only found that Agrarian did not notify Meeker of a revocation of acceptance.