Margie A. BENANTE, Appellant,

v.

UNITED PACIFIC LIFE INSURANCE COMPANY, Appellee,

and

Joseph A. Kobielak, Non Party to Appeal.

No. 37S03–9505–CV–548.

Supreme Court of Indiana.

Dec. 28, 1995.

**546**

Mark A. Thiros, Cohen and Thiros, Merrillville, for appellant.

Karen L. Hughes, Daniel A. Medrea, Lucas, Holcomb & Medrea, Merrillville, for appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

At issue in this case is whether an insurance broker who represents several insurance companies can be found to be an agent for a particular company even if no application for insurance was made to (and no policy issued by) that company, thereby exposing that company to liability for the broker's acts.

*Facts*

Margie Benante, a widow living in Highland, Indiana, contacted Joseph Kobielak, an insurance salesman, in 1987 after she heard him on a local radio station telling listeners that he sold insurance products. Kobielak first met with Benante at Benante's home in January of 1988. Kobielak represented himself to Benante as an agent of United Pacific Life (UPL), specifically discussed UPL annuities, and left with Benante several brochures regarding a UPL annuity product called "Auto 7".

After meeting with Benante again, Kobielak told Benante he would invest $83,000 of her money in a UPL mutual fund. Some time later, Kobielak had Benante sign what appeared to be official UPL documents, purportedly authorizing Kobielak to transfer Benante's money from the mutual fund into the Auto 7 annuity. Benante wrote Kobielak a personal check for $83,000 so that he could invest this money first in the UPL mutual fund and then later in the UPL annuity. She later wrote Kobielak a check for $1,000, again intended for the purchase of the annuity.

Benante had also given Kobielak money to purchase a life insurance policy from Lafayette Life Insurance Company. However, when she later discovered that Kobielak had not used all of the money she gave him to purchase this policy, she demanded he return the money she gave him for the life insurance policy. Kobielak did so.

After discovering that Kobielak did not apply all of the money she gave him for the Lafayette Life Insurance policy toward it, Benante phoned UPL to see if Kobielak had invested the money she gave him for the annuity. UPL informed Benante that it knew nothing of this investment. Benante then demanded a refund of her money from UPL, but UPL refused. Benante also demanded her money back from Kobielak, but he returned only $10,000 to her. UPL subsequently terminated the General Agent Agreement that Kobielak had previously entered into with UPL. Benante eventually filed suit against both UPL and Kobielak.

At trial, UPL moved for judgment on the evidence, claiming that Kobielak was not an agent of UPL and that therefore UPL could not be liable for his conduct. The trial court denied UPL's motion and ultimately the jury returned a verdict against both Kobielak and UPL. The Court of Appeals reversed the trial court's ruling and remanded the case to the trial court with instructions to enter judgment on the evidence in favor of UPL. *Benante v. United Pac. Life Ins. Co.* (1994), Ind.App., 639 N.E.2d 375, 378. The Court of Appeals reasoned that since "[n]o checks payable to UPL were collected from Benante; no cash funds were tendered to UPL on Benante's behalf [and] ... [n]o policy or annuity was ever issued by UPL for Benante," Kobielak was merely an agent of Benante and therefore UPL could not be held liable for his conduct. *Id.* Judge Rucker dissented, maintaining that since there was some evidence that Kobielak could have been an agent for UPL, this question was appropriate for the jury to determine and therefore the trial court properly denied UPL's motion for judgment on the evidence. *Id.*

### Discussion

■ Indiana Trial Rule 50(A) provides that where an issue or issues in a case before a jury are not supported by sufficient evidence, the court "shall withdraw such issues from the jury and enter judgment thereon." Ind.Trial Rule 50(A). However, judgment on the evidence is not appropriate in a case where there is sufficient evidence to support the non-moving party's case. "If there is any probative evidence or reasonable inference to be drawn from the evidence in favor of the plaintiff or if there is evidence allowing reasonable people to differ as to result, judgment on the evidence is improper." *Ross v. Lowe* (1993), Ind., 619 N.E.2d 911 (citing *Jones v. Gleim* (1984), Ind., 468 N.E.2d 205, 206). Also, when the trial court considers a motion for judgment on the evidence, it must view the evidence in a light most favorable to the non-moving party. *Sipes v. Osmose Wood Preserving Co.* (1989), Ind., 546 N.E.2d 1223, 1224 (citing *Jones,* 468 N.E.2d 205, 206–07).

■ In general, an insurer is not liable for the acts of an insurance agent who is merely a broker. *City of Lawrence v. Western World Ins. Co.* (1993), Ind.App., 626 N.E.2d 477, *trans. denied.* The Court of Appeals reasoned that (1) an insurance agent who represents several insurance companies is an insurance broker and is considered the agent of the proposed insured when the agent undertakes to procure insurance, citing *Stockberger v. Meridian Mut. Ins. Co.* (1979), 182 Ind.App. 566, 395 N.E.2d 1272, and (2) only when such a broker makes an application for insurance and the policy is issued, does the broker become an agent for the insurance company, citing *Aetna Ins. Co. v. Rodriguez* (1988), Ind., 517 N.E.2d 386. *Benante,* 639 N.E.2d at 377. We agree with the Court of Appeals that this is the general rule. However, we think the Court of Appeals misapplied this rule when it held that the fact that Kobielak did not apply for the insurance policy *necessarily* meant that Kobielak was not an agent for UPL and that therefore UPL could not be held liable for Kobielak's acts.

Our opinion in *Aetna Ins. Co.* clearly stands for the proposition that the application for and issuance of an insurance policy establishes the broker as the agent of the insurer, 517 N.E.2d at 388; it does not hold that a broker for several insurance companies can never be the agent of one in the absence of the issuance of a policy. Although the general rule reflects that it is usually the case that a person who represents several insurance companies is not an agent for any one particular company, there is no fixed rule of law that precludes that person from being considered an agent of a particular company. *See* 16 John A. Appleman & Jean A. Appleman, *Insurance Law and Practice* § 8725 at 333–34 (1981) ("A person may be both an agent and a broker, and at different times act in different capacities, sometimes representing the applicant for insurance and at other times, acting for the insurance company.")

■ We believe Judge Rucker got it right when he noted that the determination of whether or not an insurance salesman is an agent of the insurance company is fact sensi-

tive and requires a consideration of many factors. According to Judge Rucker:

> In determining whether one is a broker or an agent, it is necessary to consider the facts and circumstances of the case, the relation of the parties, their actions, their usual course of dealing, any instructions given to the person by the company, the conduct of the parties generally, and the nature of the transaction. *Weinisch v. Sawyer* (1991), 123 N.J. 333, 587 A.2d 615, 620; *American Ins. Co. v. Freeport Cold Storage, Inc.,* 703 F.Supp. 1475, 1480 (D.Utah 1987); 3 Couch, *supra* § 26:30.

639 N.E.2d at 379.

In this case, evidence was presented that Kobielak represented insurance companies other than UPL. Also, Kobielak had not applied for any UPL product for Benante. This evidence tends to show that Kobielak was not indeed the agent of UPL and that therefore UPL could not be held liable for Kobielak's actions. However, Benante also introduced evidence to show that Kobielak acted as UPL's agent, in particular the fact that Kobielak and UPL were parties to a "General Agent Agreement" at the time Kobielak accepted Benante's funds. While this contract, despite its title, referred to Kobielak as an "independent contractor", the question of whether one acts as an agent or independent contractor is generally one of fact. *Mortgage Consultants, Inc. v. Mahaney* (1995), Ind., 655 N.E.2d 493, 496. That the parties may have characterized their relationship as that of independent contractor is significant but not dispositive. *Id.* (quoting *Ward v. Atlantic Coast Line R.R.,* 362 U.S. 396, 400, 80 S.Ct. 789, 792, 4 L.Ed.2d 820 (1960) (per curiam)). In the contract, Kobielak and UPL made certain undertakings to each other which could be reasonably determined to create an agency relationship. In addition, there was evidence that (i) when Kobielak first met Benante, he introduced himself as an agent for UPL; (ii) Benante gave money to Kobielak after signing documents provided by Kobielak and printed on UPL stationery; (iii) Kobielak signed Benante's annuity application in the two areas marked "Signature of Agent" and he completed the areas of the application entitled

"For Agent Use Only", including his "UPL Agent Code" of "03984"; and (iv) UPL representative Karen Haynes testified at trial that Kobielak was UPL's agent until the General Agent Agreement was terminated in August, 1988. Because Benante did introduce ample evidence tending to show that Kobielak was an agent of UPL, we do not believe that in this case judgment on the evidence was appropriate. We believe the issue of whether or not Kobielak acted as an agent for UPL and therefore whether UPL was liable for Kobielak's actions was proper for determination by the jury.

### Conclusion

Therefore, we grant transfer, vacate the opinion of the Court of Appeals, and affirm the judgment of the trial court.

SHEPARD, C.J., and DeBRULER, DICKSON, and SELBY, JJ., concur.