**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Sep 10 2013, 5:37 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT
CENTURY SURETY:
**BRADFORD S. MOYER**
Plunkett Cooney, P.C.
Kalamazoo, Michigan

ATTORNEYS FOR APPELLEES:
**ROBERT S. DANIELS**
**MATTHEW L. KELSEY**
DeFur Voran, LLP
Fishers, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| AMBER PAGEL,<br>    Appellant,<br><br>      vs.<br><br>THE UGLY MONKEY, LLC, DALE UEBER<br>a/k/a DALE UEBERSETZIG and UEBER<br>INSURANCE, INC., CENTURY SURETY<br>COMPANY and CAMBURAD, LLC,<br>    Appellees, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| CENTURY SURETY COMPANY,<br>    Appellant,<br><br>      vs.<br><br>THE UGLY MONKEY, LLC and<br>CAMBURAD, LLC, AMBER PAGEL,<br>DALE UEBER a/k/a DALE UEBERSETZIG<br>and UEBER INSURANCE INC.,<br>    Appellees. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   No. 49A02-1211-CT-903 |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Cynthia J. Ayers, Judge
Cause No. 49D04-0804-CT-15728

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

In this discretionary interlocutory appeal, Century Surety Company ("Century") appeals an order of partial summary judgment declaring that insurance broker Dale Ueber a/k/a Dale Uebersetzig ("Ueber") acted as the agent of Century when accepting notice of an occurrence and lawsuit from an insured, Camburad, LLC ("Camburad"), and that Century had a duty to defend Camburad and the nightclub Camburad operated. We reverse and remand for further proceedings.

## Issue

Century presents three issues, which we consolidate and restate as a single issue: whether partial summary judgment was improvidently granted against Century upon the trial court's determination that the insured's notice to its insurance broker constituted notice to its insurer so as to trigger defense coverage.

## Facts and Procedural History

On July 6, 2007, at a nightclub operated by Camburad, located on South Illinois Street in Indianapolis and doing business as The Ugly Monkey ("The Ugly Monkey"), Amber Pagel ("Pagel") broke her ankle. Doug Campbell ("Campbell"), the registered agent for Camburad, was notified of the incident.

Campbell then notified Ueber, the proprietor of Ueber Insurance, Inc. ("Ueber

Insurance") in Greenwood, Indiana. At Campbell's request, Ueber had previously procured – through the intermediary agency Specialty Brokerage Services – a commercial liability policy for Camburad, for its operation of a bar to be known as "Tailgaters" at the South Illinois Street location ("the Policy"). According to Campbell, after he received a letter from Pagel's counsel,[1] he notified Century of the Pagel claim by mailing an "Accord" notice form.[2] (App. 354.) He retained no documentary evidence of the notice and conducted no follow-up; Century denied receiving the notice.

On April 8, 2008, Pagel filed a negligence claim, naming as a defendant The Ugly Monkey, LLC, an entity which Camburad had previously operated on South Meridian Street, in Union Station, in Indianapolis ("The Ugly Monkey, LLC"). Campbell had also been part owner of that entity before its administrative dissolution. Campbell notified Ueber of the lawsuit. No answer was filed in response to the complaint and Pagel eventually was granted a default judgment in the amount of $334,310.26 against The Ugly Monkey, LLC.

A litigant in a separate lawsuit also obtained a default judgment against The Ugly Monkey, LLC and subsequently initiated attempts to seize the assets of The Ugly Monkey located on South Illinois street. Those proceedings supplemental, together with the service of the Pagel default judgment, caused Campbell to investigate as to why no defense had been undertaken on Camburad's behalf. Ueber contacted a Century representative, but ultimately Century denied the Pagel claim for alleged failure to satisfy the condition precedent of timely

---

[1] Ueber did not notify Century at the first conversation regarding Pagel's injury, because Campbell had indicated to Ueber that something might be resolved informally.

[2] The form is a General Liability Notice of Occurrence/Claim.

notice.

On December 14, 2009, Pagel filed a motion to amend her complaint for damages, in order to add Ueber as a defendant. The motion was granted and, on January 12, 2010, Pagel filed an amended complaint against The Ugly Monkey, LLC and Ueber. Ueber filed a third-party complaint against Century and subsequently filed a claim for declaratory judgment against Century, Pagel, and The Ugly Monkey, LLC. Pagel filed a second amended complaint adding Camburad and Century as defendants. Camburad and The Ugly Monkey, LLC filed a counterclaim against Ueber, asserting negligence and breach of fiduciary duty claims and requesting a declaratory judgment, and also filed a cross-claim against Century, alleging breach of contract, bad faith, and negligence claims, and seeking a declaratory judgment related to failure to provide a defense and indemnification. Century filed a counter cross-claim for declaratory judgment against Camburad and The Ugly Monkey, LLC.

Century filed a motion for summary judgment; Camburad and The Ugly Monkey, LLC filed a cross-motion for summary judgment. Pagel filed a Motion to Amend by Interlineation, asserting that Camburad and The Ugly Monkey, LLC were the same entity. She also filed an alternative motion for relation back pursuant to Indiana Trial Rule 15(C).

On May 22, 2012, the trial court conducted a hearing on the pending motions. On June 20, 2012, the trial court entered an Order on Motion for Summary Judgment, Cross Motion for Summary Judgment, Motion for Relation Back or in the Alternative Motion for Interlineation, Motion for Consolidation, Motion for Judgment on the Pleadings, Third Party Claim for Declaratory Judgment and Motion for Protective Order ("the Order"). The Order,

4

in relevant part, granted the Trial Rule 15(C) motion for relation back in order to join Camburad as a first-party defendant. The Order further provided that the default judgment previously entered against The Ugly Monkey, LLC would not apply to Camburad.

Additionally, the Order denied Century's motion for summary judgment and granted Camburad's cross-motion for summary judgment, with the trial court concluding, as a matter of law, that Ueber was Century's agent with regard to the Camburad policy and had apparent authority to accept notice of the Pagel claim on behalf of Century. The trial court declared Ueber's request for declaratory judgment moot and granted a motion for consolidation of discovery requests. Finally, the Order stated that the issue of attorney's fees and damages would remain under advisement pending resolution of the matter.[3]

Pagel and Century separately sought permission to bring an interlocutory appeal. The trial court certified its order for interlocutory appeal and this Court accepted jurisdiction. During the pendency of the interlocutory appeal, the parties settled with Pagel. On April 26, 2013, this Court dismissed Pagel's appeal. Century pursues this interlocutory appeal.

**Discussion and Decision**

I. Standard of Review

Summary judgment is appropriate only if the pleadings and designated materials considered by the trial court show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Yates v. Johnson Cnty. Bd. of Comm'rs., 888 N.E.2d 842, 846 (Ind. Ct. App. 2008). Our well-settled standard of review

---

[3] A motion for a protective order was not addressed, as the parties had not argued the motion at the summary judgment hearing.

5

is the same as it was for the trial court. <u>Landmark Health Care Assocs., L.P. v. Bradbury</u>, 671 N.E.2d 113, 116 (Ind. 1996).

We must construe all evidence in favor of the party opposing summary judgment, and all doubts as to the existence of a material issue must be resolved against the moving party. <u>Id.</u> at 847. However, once the movant has carried its initial burden of going forward under Trial Rule 56(C), the nonmovant must come forward with sufficient evidence demonstrating the existence of genuine factual issues, which should be resolved at trial. <u>Otto v. Park Garden Assocs.</u>, 612 N.E.2d 135, 138 (Ind. Ct. App. 1993), <u>trans. denied</u>. If the nonmovant fails to meet his burden, and the law is with the movant, summary judgment should be granted. <u>Id.</u>

A genuine issue of material fact exists where facts concerning an issue that would dispose of the litigation are in dispute or where the undisputed material facts are capable of supporting conflicting inferences on such an issue. <u>Huntington v. Riggs</u>, 862 N.E.2d 1263, 1266 (Ind. Ct. App. 2007), <u>trans. denied</u>. Questions of law are reviewed de novo and we owe no deference to the trial court's legal conclusions. <u>In re Guardianship of Philips</u>, 926 N.E.2d 1103, 1106 (Ind. Ct. App. 2010).

We may affirm the grant of summary judgment on any basis argued by the parties and supported by the record. <u>Payton v. Hadley</u>, 819 N.E.2d 432, 437 (Ind. Ct. App. 2004). However, neither the trial court nor the reviewing court may look beyond the evidence specifically designated to the trial court. <u>Best Homes, Inc. v. Rainwater</u>, 714 N.E.2d 702, 705 (Ind. Ct. App. 1999). Trial Rule 56(H) specifically prohibits this Court from reversing a

6

grant of summary judgment on the ground that there is a genuine issue of material fact, unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court. AutoXchange.com, Inc. v. Dreyer & Reinbold, Inc., 816 N.E.2d 40, 45 (Ind. Ct. App. 2004).

Our standard of review is not altered by the fact that the parties made cross-motions for summary judgment. Ind. Farmers Mut. Ins. Grp. v. Blaskie, 727 N.E.2d 13, 15 (Ind. Ct. App. 2000). Instead, we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. Id.

## II. Analysis

The controversy between the parties distills to a question of agency, that is, whether Camburad's notice to Ueber constituted effective notice to Century.

An insurer's duty to defend does not arise until the insurer receives the foundational information designated in its insurance policy's notice requirements. Dreaded, Inc. v. St. Paul Guardian Ins. Co., 904 N.E.2d 1267, 1273 (Ind. 2009). The function of a notice requirement is to supply basic information to permit an insurer to defend against a claim. Id. An insurer cannot defend a claim of which it has no knowledge and thus, until an insurer receives such enabling information, it cannot be held accountable for breaching the duty to defend its insured. Id.

Pursuant to the Policy, Camburad was required to give Century notice of an occurrence or offense which might result in a claim as soon as practicable and also give like notice of a lawsuit. Campbell, on behalf of Camburad, gave notice of the Pagel claim and

7

lawsuit to Ueber. Ueber has contended that he gave notice of the initial claim to Century upon receipt of correspondence from Pagel's attorney; he has not made a similar claim with respect to timely notice of the lawsuit. Rather, Ueber explained that he placed subsequent communications in his office file, believing that he was "being carboned." (App. 414.) Century did not receive actual contemporaneous notice of the lawsuit and has denied that timely notice was provided of the occurrence. Camburad is entitled to summary judgment only if the designated materials establish, as a matter of law, that Ueber accepted notice of the Pagel claim and lawsuit as an agent of Century.

"Agency is a relationship resulting from the manifestation of consent by one party to another that the latter will act as an agent for the former." Smith v. Brown, 778 N.E.2d 490, 495 (Ind. Ct. App. 2002). Three elements must be shown in order to establish an actual agency relationship: (1) manifestation of consent by the principal, (2) acceptance of authority by the agent, and (3) control exerted by the principal over the agent. Robertson v. Ticor Title Ins. Co. of Fla., 982 N.E.2d 9, 20 (Ind. Ct. App. 2012), trans. denied. Whether an agency relationship exists is generally a question of fact. Id. However, if the evidence is undisputed, summary judgment may be appropriate. Demming v. Underwood, 943 N.E.2d 878, 884 (Ind. Ct. App. 2011), trans. denied.

An insurance agent or broker who undertakes to procure insurance for another is generally regarded as an agent of the proposed insured. Robertson, 982 N.E.2d at 20. However, when the broker makes an application for insurance and the insurance policy is issued, the broker is the agent of the insurer and can bind it within the scope of his authority.

8

Id. Acts of an insurance agent – unlike acts of an insurance broker – are imputable to the insurer. Estate of Mintz v. Conn. Gen. Life Ins., 905 N.E.2d 994, 1001 (Ind. 2009).[4]

It is usually the case that a person who represents several insurance companies is not an agent for any one particular company; nonetheless, no fixed rule of law precludes that person from being considered an agent of a particular company. Benante v. United Pac. Life Ins. Co., 659 N.E.2d 545, 547 (Ind. 1995). A person may be an agent as well as a broker, and may at different times act in different capacities, sometimes representing the insurance applicant and at other times acting on behalf of the insurance company. Id. "[W]hether or not an insurance salesman is an agent of the insurance company is fact sensitive and requires a consideration of many factors." Id. at 547-48. These include the relation of the parties, their actions, usual course of dealing, any instructions given to the person by the company, the conduct of the parties generally, and the nature of the transaction. Id. at 548.

The following facts are undisputed. Ueber customarily procured personal insurance policies through several companies but did not typically procure commercial insurance policies. He obtained the Policy through Specialty Brokerage Services. Ueber had no direct contractual relationship with Century. He did not issue any check to Century. Premium financing for the Policy was arranged through Specialty Brokerage Services. Ueber was "not

---

[4] Camburad has advocated for a very straightforward rule, that is, an intermediary in the insurance business is the agent of the insured while shopping for a policy and the agent of the insurer for all matters after a policy has issued. Indiana courts have stated that "when a broker makes application for insurance and the insurance policy is issued, the broker is the agent of the insurer and can bind it within the scope of his authority." Aetna Ins. Co. v. Rodriquez, 517 N.E.2d 386, 388 (Ind. 1988) (citing Ind. Ins. Co. v. Hartwell, 123 Ind. 177, 24 N.E. 100 (1890)); see also Conrad v. Universal Fire & Cas. Ins. Co., 686 N.E.2d 840, 844 (Ind. 1997); Malone v. Basey, 770 N.E.2d 846, 851 (Ind. Ct. App. 2002), trans. denied. However, in Benante v. United Pac. Life Ins. Co., our Supreme Court clarified that whether an insurance intermediary is acting as an agent of the insured or the insurer at a particular time is a fact sensitive inquiry.

aware of [Century] procedures" with respect to requisite notice. (App. 411.) The designated evidence of the relationship, conduct, and course of dealing demonstrate that Ueber was not an actual agent of Century.

Apparent authority is authority that a third person reasonably believes an agent to possess because of some manifestation from his principal. Gallant Ins. Co. v. Isaac, 751 N.E.2d 672, 676 (Ind. 2001). It is essential that there be a direct or indirect form of communication by the principal, which instills a reasonable belief in the mind of the third party. Id. at 676-77. Here, the record of designated materials is devoid of any such direct or indirect communication by Century. Camburad has argued only that apparent authority exists by virtue of the issuance of the Policy. However, the Policy itself listed Specialty Brokerage Services as the "Company Representative" of Century. (App. 1047.)

Ueber did not act as an agent of Century, and Century, as opposed to Camburad and The Ugly Monkey, LLC, is entitled to summary judgment on the claim of breach of a duty to defend.

Reversed and remanded for further proceedings.

MAY, J., and BRADFORD, J., concur.