### Henry Baumeister, Appellant, v. Margaret Bowers, Appellee.

Opinion filed June 28, 1933.

JOHN W. FREELS, for appellant; ROPIEQUET & FREELS, of counsel.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

Appellee brought suit in the circuit court of St. Clair county against appellant to recover for damages to person and property sustained while riding as a guest in the latter's automobile. There was a verdict and judgment in the sum of $1,500, from which appellant has appealed.

The parties to the action were the only eyewitnesses to the accident, and their versions of the affair sharply conflict. The appellee, in her case in chief, testified that she, at the invitation of appellant, was riding in his automobile at about one o'clock a. m., east on Cass avenue, in St. Louis; that he had been partaking of

liquor, and that she asked him to desist from further drinking; that he was driving, and she had no part in the management of the car; that she requested him to stop the car and let her alight; that he dropped a cigarette he was smoking, and, in attempting to brush it off his clothes, he lost control of the steering wheel, pulled the machine over the curb and struck a telephone pole; that as a consequence she was injured, and certain articles of wearing apparel were ruined.

Appellant stated that he was driving easterly along such avenue, a few feet from the right-hand curb; that a west-bound automobile, rapidly driven in about the center of the street, approached him; that when about 50 feet distant, this car swung toward and headed for appellant; that to prevent a collision, he turned to the right; that the other car struck and bent his rear fender, then went on without stopping, and that he had no time to see the telephone pole before striking it.

There was testimony that directly after the accident, appellee, in the office of Dr. Thompson, stated in the hearing of the doctor that appellant was not to blame; that he had swerved his car to miss another one, and could not avoid the injury. Mr. Travers stated that she made a statement to him, which he reduced to writing (this, however, she did not sign), that appellant had swerved sharply to the right to avoid an approaching automobile, and in doing so collided with the telephone pole, and that the accident was the fault of the other machine. Mr. Hanson testified that he called at appellee's home in company with appellant; that the accident was talked over and that she said it was not at all the fault of appellant.

Appellee, in her case in chief, denied such statements; however, in rebuttal, she stated that she made the declarations, but she did so at the request of appellant. She, on cross-examination, admitted that no such suggestion was made to her until after leaving Dr. Thompson's office, which was after the time the

doctor testified he heard her make the statements. Appellant denied having made any such suggestions, or that he was intoxicated. As to the latter, he was corroborated by Dr. Thompson's testimony that he was in close contact with appellant for some time directly after the accident, and that he did not detect any evidences of intoxication.

One of the grounds urged to reverse the judgment is that the declaration charges ordinary negligence, and to recover under what is known as the "Guest Law," it was incumbent upon appellee to show wilful and wanton misconduct on the part of appellant.

The accident occurred on June 27, 1928; suit was started on April 4, 1930, while the statutory enactment, providing that no person riding as a nonfare-paying guest, shall have a cause of action against the operator of the machine, except for wilful and wanton misconduct of the latter, was approved July 2, 1931. Cahill's St. ch. 95a, ¶ 43(b) (sec. 243-b, ch. 121, Smith-Hurd Statutes, 1931).

A statute will be given a retrospective effect only when it is manifest that the legislature intended it should so operate. *Fisher v. Green,* 142 Ill. 80.

We find nothing in the act to indicate that it was intended it should be retroactive, and in our opinion it does not cover causes of action that accrued prior to its enactment.

It is further urged that the verdict is contrary to the weight of the evidence, and that the court erred in not setting it aside.

The appellee's case, as to the occurrence which occasioned the injury, rests almost entirely upon her testimony, contradicted by that of appellant. In addition, she is impeached by proof of inconsistent statements which she at first denied making, then later acknowledged, and sought to justify by saying that she made them at the instigation of appellant, however admitting that no suggestion was made to her by the latter,

until after leaving the office of Dr. Thompson, and which was subsequent to the making of her statements, as testified to by the doctor.

While the settled rule is that where the testimony conflicts, the verdict of the jury is favored and will not be lightly set aside, still if the verdict is manifestly against the weight of the evidence, the trial judge should not hesitate to set it aside and award a new trial. *Belden v. Innis*, 84 Ill. 78.

We think the verdict is contrary to the decided weight of the evidence, and that the court erred in overruling appellant's motion for a new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*