(No. 37861.—

IRVING EISENBERG *et al.,* Appellants, *vs.* H. D. GOLDSTEIN *et al.,* Appellees.

*Opinion filed Nov. 26, 1963.—Rehearing denied Jan. 20, 1964.*

618

EISENBERG AND BAIKOFF, of Chicago, for appellants.

BEN H. KESSLER and SIDNEY SCHILLER, both of Chicago, (HARRY S. WEBER, of counsel,) for appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Alleging fraud and misrepresentation, Irving Eisenberg and his wife brought suit in the superior court of Cook County to rescind a deed whereby they acquired a certain apartment building. They also sought to cancel the purchase money mortgage thereon and to obtain a return of other real estate conveyed in exchange for the building in question. After a hearing before a master the court confirmed findings against the plaintiffs, dismissed the suit for want of equity, and granted defendants' counterclaim for a foreclosure of the purchase money mortgage. Plaintiffs appeal directly to this court, a freehold being involved.

The property is located in Chicago at 4065 North Sheridan Road. It is improved with an old three-story brick building containing 30 furnished apartments, 21 of which consist of only 1½ rooms each. In November, 1959, it was advertised for sale by defendants H. D. Goldstein, his son Alvin and one Charmaine Dice, all of whom were apparently in the real-estate business as brokers or otherwise. Plaintiff Eisenberg responded to the advertisement, and negotiations ensued for an exchange of his two parcels of real estate for the Sheridan Road piece.

After he and his wife had inspected the property, Eisenberg drew up a contract, thereafter executed by defendant Alvin Goldstein for himself "and all other beneficiaries" of the trust in which title was held, whereby they undertook to convey to plaintiffs "good title" to the apartment property, subject to certain mortgages to be assumed by plaintiffs, and the plaintiffs were to convey their two pieces to Alvin Goldstein "and all other beneficiaries". On December 31, 1959, the deeds were exchanged and the plaintiffs went into possession of the apartment building. The conveyance to the plaintiffs was by trustee's deed.

Plaintiffs filed their present complaint on December 16, 1960, alleging that H. D. Goldstein represented the Sheridan Road property to be in good condition and free of any serious building code violations, that to defendants' knowl-

edge the plaintiffs relied on these representations because a heart condition prevented Eisenberg from making a complete examination himslf, and that five months after the deal was closed the city of Chicago investigated the property, finding a large number of violations. It is further charged that contrary to defendants' representations of good and merchantable title, the property was subject to an ingress-and-egress easement in favor of an adjoining building to the south.

The master found that Eisenberg had ample opportunity to examine the property, either personally or by agent, and that in fact he personally inspected it, both alone and, on a second examination, with his wife. It was further found that although in possession and management of the property the plaintiffs made no complaint to defendants regarding its condition until many months after taking possession, and then only after a city "task force" had made a routine inspection as part of an over-all program for the inspection of old buildings. The inspection at that time found numerous electrical and plumbing defects, and objections were made to the garbage chute location, absence of a vent on clothes driers, deteriorated condition of porches and other woodwork, absence of fire doors, and the like. Plaintiffs were notified to bring the building up to the city's present building requirements. The evidence shows that the necessity for most of this work dated back some 37 years before, when the building had been converted to smaller units, and that it is largely a matter of obsolescence.

Plaintiffs have failed to point out testimony of the precise representations they claim were made. However the advertisement in evidence as an exhibit declares the property to be in "first rate physical condition," and defendants' brief makes no attempt to deny that misrepresentations were made. Instead they argue that the plaintiffs had a duty to inspect, and should have been put on notice by a statement

in the exhibit that "above information is subject to verifications and no liability for errors or omissions assumed."

In this the defendants are mistaken. One who by misrepresentation has induced another to act to his prejudice cannot relieve himself of liability by a mere disclaimer thereof in advance, nor can he impute negligence to the other merely because of the latter's reliance on the misrepresentation. The law does not require that neither shall believe the statements of the other. If one party makes a positive statement of a material fact as true which he knows to be false but intends to be relied upon by the other party as true, and the statement actually is relied and acted upon as true by the other party, the party making the statement cannot charge the other with negligence in believing it. *Gilbey* v. *Hamlin,* 297 Ill. 258.

In the case at bar the evidence is undisputed that the plaintiffs inspected the property for themselves. It is quite clear that in making the exchange they relied upon their own judgment, based on such examination, and not upon representations made by the defendants. Under such circumstances no fraud was practiced upon the plaintiffs of which they can complain, even though the examination made by them may have been inadequate, so as to lead to mistaken conclusions. See *Greenwood* v. *Fenn,* 136 Ill. 146, 155-156.

Moreover the plaintiffs failed to promptly complain of the alleged misrepresentation upon discovery of the facts. Instead they continued in possession, collecting rents, managing the property and making payments on the mortgage. It was not until the present suit was begun, almost a year after the deal was closed and possession taken, that they sought to rescind. If, as plaintiff Eisenberg claims, he and his wife are unskilled in construction and unfamiliar with the work of building trades, he must at least have seen the more obvious defects during that long period of time. His attention must have been called, at least in part, to the un-

truthfulness of the defendants' representations about the building's deteriorated physical condition, and if personal observation did not disclose its full extent there was obviously enough to make it his duty to use ordinary diligence to make further investigations. A person who has been misled by fraud or misrepresentation is required, as soon as he learns the truth, to disaffirm or abandon the transaction with all reasonable diligence, so as to afford both parties an opportunity to be restored to their original position. If, after discovering the untruth of the representations, he conducts himself with reference to the transaction as though it were still subsisting and binding, he thereby waives all benefit of relief from the misrepresentations. *Kanter* v. *Ksander,* 344 Ill. 408; *Greenwood* v. *Fenn,* 136 Ill. 146.

Plaintiffs next contend that since the premises were subject to an easement, "the deed of conveyance, in not conforming to the written contract to convey a fee simple title, was fraudulent, void." It appears that there is an alley-way along the building leading to parking stalls at the rear and also to the garage of an adjoining building. This easement for ingress and egress, and for light and air, was created in 1906. A notation of its presence appeared on a letter of opinion as to title, which the attorney who closed the deal on defendants' behalf testified he mailed to plaintiff Eisenberg. It further appears, by the testimony of defendant Alvin Goldstein, that on one of Eisenberg's visits to the property he observed the garage at the adjoining building and remarked that there was an easement. There is also testimony that on the day of the closing the letter of opinion was discussed, that Eisenberg examined it, and that the only questions he raised related to the amount of title insurance and the presence of a chattel mortgage.

Plaintiff Eisenberg, who is a lawyer with some 30 years' experience, nevertheless insists he was unaware of the easement and relied on defendants to provide the "good title" called for by the contract. There is no merit in this conten-

tion. On this record it is difficult to believe that he had no knowledge of the easement, but even in such a case he must be held to have waived any claim he might have had to rescind on that ground. The information pertaining to the easement was readily available. Under such circumstances no complaint can be made, since the injured party could have availed himself of the facts by an exercise of ordinary prudence. (*Bundesen* v. *Lewis,* 368 Ill. 623.) The master properly found that in accepting the trustee's deed as tendered the plaintiffs took title subject to the easement and waived any right they might have had to object.

It is finally urged that defendants represented the income from the property to be $27,000 whereas in fact it was $19,000 or less, and that the misrepresentation constituted fraud, entitling plaintiffs to rescind. It is well established that representations of income, when made, must be true. Statements representing the rental from property to be in a certain amount are not ordinary "puffing" or the mere expression of an opinion, but are statements of a present fact which will amount to fraud justifying rescission, if relied upon, where the actual rent received is much less. (*Noll* v. *Peterson,* 338 Ill. 552.) Even though the plaintiffs inspected the property they would not be charged with knowledge of facts such as these, which by their nature are peculiarly within the knowledge of defendants, and if such a misrepresentation had been proved the plaintiffs would be entitled to relief.

But a misrepresentation in this respect was not proved. While the annual income was stated to be $27,156, both in the advertised listing of properties for sale and in the detailed statement of the Sheridan Road property, this statement is not shown to have been false. All that the plaintiffs proved is that since they took possession the total rent received is substantially below that represented to have been enjoyed by their vendors in the past. Moreover the plaintiffs point to no evidence of when they first learned of the

alleged falsity of the statement. Apparently the first objection on this account is at or about the time the present suit was begun, almost a year after the exchange was made and plaintiffs went into possession. To establish a case of fraud on this ground it is incumbent upon the deceived party to show there was no delay in asserting his claim after discovering the fraud, or, in case of delay, to show a reasonable excuse therefor. As we have heretofore pointed out, a party who desires to rescind a transaction for fraud must make his election to do so promptly after learning of the fraud. (*Kanter* v. *Ksander,* 344 Ill. 408.) Plaintiffs have failed to show their compliance with this rule.

No error having been shown in the proceedings below, the decree of the superior court of Cook County will be affirmed.

*Decree affirmed.*