Alfred L. CALLIS, Appellant–Defendant,

v.

STATE AUTOMOBILE INSURANCE COMPANY, Appellee–Plaintiff.

No. 41A01–9104–CV–90.

Court of Appeals of Indiana, First District.

Oct. 7, 1991.

Rehearing Denied Nov. 19, 1991.

---

Phillip R. Smith, Wehrle, Smith & Lybrook, Martinsville, for appellant-defendant.

Robert W. Wade, James P. Cavanaugh, III, Martin, Wade, Hartley & Hollingsworth, Indianapolis, for appellee-plaintiff.

BAKER, Judge.

May an insurer avoid liability on a policy of casualty insurance when, through the fault of its agent, the name of the interested premium-paying party is omitted from the policy? We hold that it may not, and therefore reverse.

Cross-plaintiff-appellant Alfred Callis works as a contract hauler for plaintiff Architectural Brick & Tile, Inc. (Architectural Brick). He purchased one of Architectural Brick's tractor trailer trucks on contract. Under the parties' agreed payment arrangement, Architectural Brick retained monthly payments and casualty insurance premiums from Callis's freight fees.

In March 1980, the truck was insured by defendant-appellee State Automobile Insurance Company (State Auto), through State Auto's agent, Bert Wren. At the time of contracting for the policy, Callis informed Wren that Callis had an interest as contract buyer in the truck. Wren was aware of the arrangement under which Architectural Brick forwarded the retained freight fees to Wren as Callis's premium payments. Through Wren's omission, whether willful or negligent, the policy was issued naming Architectural Brick as the owner and General Electric Credit Corporation, which had a secured interest in the truck, as loss payee. Nowhere did Callis's interest appear in the policy. Nonetheless, the policy listed Centerton, Indiana, Wren's home, as the truck's garaging location, though Architectural Brick's facilities were in Indianapolis.

The policy expired in 1981 and was not renewed. Wren, however, continued to accept premiums under the arrangement between Callis and Architectural Brick and to assure Callis and Architectural Brick the policy was in force. He even delivered bogus renewal certificates while pocketing the premiums. In 1983, the truck was destroyed by fire. Wren assured Callis the

truck was covered, but when Callis and Architectural Brick investigated the matter, State Auto informed them the policy had been cancelled for two years.

Architectural Brick sued Wren and State Auto for sums due under the policy, naming Callis as a defendant to determine the extent of Callis's interest.[1] In turn, Callis brought a cross-claim against State Auto. State Auto moved for summary judgment on the ground that, even if the policy had been in force on the day of the loss, Callis was not covered under the policy. The trial court granted the motion, and Callis now appeals.

## DISCUSSION AND DECISION

As is well known, we stand in the shoes of the trial court when deciding an appeal from a summary judgment decision. We are required to construe the evidence in the light most favorable to the non-movant. *Tucher v. Brothers Auto Salvage Yard, Inc.* (1991), Ind.App., 564 N.E.2d 560, *trans. denied.* Summary judgment is inappropriate unless the movant is able to show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Id.* Once the movant has shown an absence of any genuine issue of material fact, the burden shifts to the non-movant to show a genuine issue does exist. *Id.*

Bearing in mind that State Auto has conceded for purposes of this summary judgment proceeding that the coverage was in effect on the date of loss in 1983, *Record* at 180, we note some preliminary remarks. It is true, of course, that an agent like Wren, who operates an independent insurance agency representing several insurers, is considered a broker. *Stockberger v. Meridian Mutual Ins. Co.* (1979), 182 Ind.App. 566, 395 N.E.2d 1272. In such a situation, the broker is normally deemed to be an agent of the buyer, not the insurer, and the insurer is not liable for the broker's tortious conduct. *Id.* When,

however, the "broker makes application for insurance and the insurance policy is issued, the broker is the agent of the insurer and can bind it within the scope of his authority." *Aetna Ins. Co. of the Midwest v. Rodriguez* (1988), Ind., 517 N.E.2d 386, 388. In that case, it becomes the insurer's responsibility when the broker/agent fails to ascertain the nature of the interests to be protected. *Id.*

Turning to the question of Callis's coverage, we think the principles enunciated in *Property Owners Ins. Co. v. Hack* (1990), Ind.App., 559 N.E.2d 396, *trans. denied* are controlling. In *Property Owners*, the plaintiff was the contract seller of a piece of real estate, which the contract buyer destroyed through arson. The insurance policy at issue had been written at the seller's instigation: the seller informed a broker/agent of the contract of sale, and of the existence of the three separate interests, i.e., seller, seller's mortgagee, and buyer. The seller also told the broker/agent that he wanted his (the seller's) interest on the policy to be protected. When the policy was issued, the seller was listed as contract holder, but no contract of sale clause was attached to the policy.

After the arson, the insurer paid off the seller's mortgage and denied any further recovery to the seller when the seller demanded payment of the lesser of the balance of his contract price or the policy limit. Relying on *Aetna Ins. Co. of the Midwest, supra,* and the "reasonable expectation" test laid down by Judge Cardozo in *Bird v. St. Paul Fire & Marine Ins.* (1920), 224 N.Y. 47, 120 N.E. 86, we held the seller's unrefuted affidavit attesting to the facts disclosed to the broker/agent was a sufficient showing of the absence of a genuine issue of material fact to warrant judgment for the seller.

In the present case, Mr. Callis's affidavit in response to State Auto's summary judgment motion reveals that he, like the seller in *Property Owners*, informed Wren of the details of the sale arrangement.

---

1. The complaint also named two other insurance companies, which are not parties to this appeal, as defendants.

*Record* at 200–01. Moreover, the policy states the truck was garaged in Callis's home town. *Record* at 185. Finally, the evidence most favorable to Callis reveals he paid for all the premiums through his freight fee retention arrangement with Architectural Brick.

In a case such as this, the insurer cannot win a summary judgment merely because the name of the party demanding coverage fails to appear on the policy. Indeed, Callis's position here is stronger than either that of the seller in *Property Owners* or the plaintiff in *Aetna*. Unlike the broker/agent in *Aetna*, Wren knew the exact nature of the situation, and unlike the seller in *Property Owners*, Callis actually *paid* for the insurance. That Wren failed to advise State Auto of Callis's interest is State Auto's responsibility, not Callis's.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

RATLIFF, C.J., concurs.
SHARPNACK, J., concurs in result.