FIFTH DIVISION

June 6, 1997                                              

No. 1-96-1414

                                         )      

PATRICIA J. BARILLE,                     )  Appeal from the

                                         )  Circuit Court of

         Plaintiff-Appellant,            )  Cook County.

                                         )  

              v.                         )   

                                         )

SEARS ROEBUCK AND COMPANY, ALLSTATE      )

LIFE INSURANCE COMPANY, ALLSTATE    )

INDEMNITY 
COMPANY, ALLSTATE PROPERTY     )

AND CASUALTY INSURANCE COMPANY, ALLSTATE )

INSURANCE COMPANY, GLENBROOK LIFE & ) 

ANNUITY COMPANY, GLENBROOK LIFE       ) 

INSURANCE COMPANY, NORTHBROOK INDEMNITY  ) 

COMPANY, NORTHBROOK LIFE INSURANCE       )

COMPANY, NORTHBROOK NATIONAL INSURANCE   )

COMPANY, NORTHBROOK PROPERTY & CASUALTY  )

INSURANCE COMPANY, ALLSTATE LIFE   )

INSURANCE COMPANY OF NEW YORK, PMI )

MORTGAGE INSURANCE COMPANY, PMI ) The Honorable

INSURANCE COMPANY, SURETY LIFE INSURANCE ) Kenneth L. Gillis,

COMPANY, and LINCOLN BENEFIT LIFE )   Judge Presiding.      COMPANY,                                )     

          )

              Defendants-Appellees.                                       

JUSTICE SOUTH delivered the opinion of the court:

Plaintiff, Patricia J. Barille (Barille), filed an amended complaint against defendants, Sears Roebuck & Co. and Allstate Insurance Co., 
et al
. (Allstate), alleging breach of contract, common law fraud and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 
et seq
. (West 1994)).  The circuit court dismissed Barille's amended complaint with prejudice pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 1994)).  Barille filed a motion to vacate and reconsider, arguing that her amended complaint adequately set forth the alleged causes of action and that the court should allow her leave to file a second amended complaint, which she attached to the motion.  The circuit court denied Barille's motion and allowed her second amended complaint to be part of the appellate record.  Barille appeals the circuit court's orders dismissing her claim and denying her leave to file her second amended complaint.

On January 26, 1987, Barille signed an "R-1500" agent employment agreement (the contract) with Allstate and became an Allstate insurance agent.  As an Allstate agent, Barille was provided Allstate's "Neighborhood Office Agent" (NOA) program manuals and offered an opportunity to participate in the NOA program.  Thereafter, Barille participated in the NOA program and sold Allstate insurance policies through this program.  As an NOA, Barille incurred financial losses and eventually terminated her relationship with Allstate.    

On November 14, 1994, Barille filed her original complaint alleging common law fraud, breach of contract, violations of the Consumer Fraud Act, tortious interference with prospective business advantage, breach of covenant of good faith and fair dealing, and emotional distress.  Allstate filed a motion to dismiss Barille's original complaint under section 2-615 of the Illinois Code of Civil Procedure (735 ILCS 5/2-615 (West 1994)).  On June 15, 1995, following a hearing, the circuit court granted Allstate's motion to dismiss as to all counts except count IV, which the court noted Barille had withdrawn.  The original complaint was dismissed without prejudice, and Barille was granted leave to file an amended complaint.     

On August 4, 1995, Barille filed her amended complaint alleging common law fraud, breach of contract and violations of the Consumer Fraud Act.  Allstate filed a motion to dismiss the amended complaint under section 2-615 (735 ILCS 5/2-615 (West 1994)).  On November 27, 1995, following a hearing, the circuit court granted Allstate's motion and dismissed Barille's amended complaint with prejudice. 

On December 27, 1995, Barille filed a post-judgment motion to vacate and reconsider pursuant to section 2-1203 (735 ILCS 5/2-1203 (West 1994)), in which she requested that the circuit court vacate its dismissal order and grant her leave to file a second amended complaint.  The circuit court denied Barille's motion on March 12, 1996.  Barille appeals. 

OPINION

Initially, we note that Allstate has moved to cite as additional authority recently discovered case law in support of its contentions on appeal.  Allstate's motion was taken with the case, and we hereby grant its motion.  

On review of the dismissal of an action under section 2-615, the appellate court reviews the complaint 
de novo
.  
Barham v. Knickrehm
, 277 Ill. App. 3d 1034, 661 N.E.2d 1166 (1996).  The standard of review on appeal is whether the complaint sufficiently states a cause of action.  
Saunders v. Michigan Avenue National Bank
, 278 Ill. App. 3d 307, 662 N.E.2d 602 (1996).  The merits of the claim are not considered.  
Saunders
, 278 Ill. App. 3d 307, 662 N.E.2d 602.  All well-pleaded facts are accepted as true but not conclusions of law or factual conclusions that are unsupported by allegations of specific facts.  
Lagen v. Balcor Co.
, 274 Ill. App. 3d 11, 653 N.E.2d 968 (1995).  The complaint's factual allegations are construed in the light most favorable to the plaintiff, but factual deficiencies may not be cured by liberal construction.  
Lagen
, 274 Ill. App. 3d 11, 653 N.E.2d 968.  If after disregarding any legal and factual conclusions the complaint does not allege sufficient facts to state a cause of action, the motion to dismiss should be granted.  
Lagen
, 274 Ill. App. 3d 11, 653 N.E.2d 968.    

Barille contends that she sufficiently pled her claim for breach of contract as an employee in her first amended complaint and as an independent contractor in her second amended complaint; that her classification as an independent contractor imposed a duty of good faith and fair dealing, which requires Allstate to act reasonably and with proper motive when exercising its discretion; and that Allstate abused its discretion by unreasonably increasing her costs of doing business, thereby causing her to go out of business and then retaining her book of business that was developed.    

In order to state a cause of action for breach of contract, a plaintiff must establish:  (1) an offer and acceptance; (2) consideration; (3) definite and certain terms of the contract; (4) plaintiff's performance of all required contractual conditions; (5) defendants' breach of the terms of the contract; and (6) damage resulting from the breach.  
Penzell v. Taylor
, 219 Ill. App. 3d 680, 579 N.E.2d 131 (1991).  In the instant case, whether classified as an employee or as an independent contractor, Barille fails to state a cause of action for breach of contract due to the plain and unambiguous terms of the contract.

In Illinois, there is a duty of good faith and fair dealing included in every contract as a matter of law.  
Saunders
, 278 Ill. App. 3d 307, 662 N.E.2d 602.  The duty requires the party vested with discretion under the contract to "exercise that discretion reasonably and with proper motive, *** not *** arbitrarily, capriciously, or in a manner inconsistent with the reasonable expectations of the parties."  
Dayan v. McDonald's Corp.
, 125 Ill. App. 3d 972, 991, 466 N.E.2d 958 (1984).  The doctrine is generally employed as a construction tool in assessing the intent of the parties when a contract is ambiguous.  
Resolution Trust Corp. v. Holtzman
, 248 Ill. App. 3d 105, 618 N.E.2d 418 (1993).  "'When the terms of a contract are clear and unambiguous, they must be enforced as written, and no court can rewrite a contract to provide a better bargain to suit one of the parties.'"   
Saunders
, 278 Ill. App. 3d at 316, quoting 
Resolution
, 248 Ill. App 3d at 112, 618 N.E.2d at 423. 

In the present case, the actions complained of by Barille, whether Barille is classified as an employee or as an independent contractor, wer
e exercised within the discretion granted Allstate pursuant to the contract.  The terms of the contract clearly and unambiguously notified Barille that Allstate reserved the right to make any changes in the terms and conditions of her employment as Allstate deemed necessary and appropriate in furtherance of its business objectives subject to the terms and conditions of the contract.  

The contract also stated that the compensation rules and amounts set forth in Barille's employment manual may be amended from time to time and that, due to the inherent uncertainty of business conditions, Allstate reserved the right to increase or decrease any compensation amounts and change the compensation rules at any time subject to state and federal regulations that may then be applicable to Barille.  The contract did not lull Barille into believing that Allstate might not exercise its discretion as set forth therein.    

Additionally, Barille does not allege that she did not understand the explicit terms of the parties' contract.  Barille was free not to enter the contract with Allstate and to become an agent with any number of insurance agencies.  Thus, Barille's execution of the contract negates any inference that Allstate's actions were unreasonable and exercised without proper motive so as to constitute a breach of contract.  "Parties are entitled to enforce the terms of negotiated contracts to the letter without being mulcted for lack of good faith.  [Citation.] Express covenants abrogate the operation of implied covenants so courts will not permit implied agreements to overrule or modify the express contract of the parties."  
Resolution
, 248 Ill. App. 3d at 113.  For the foregoing reasons, Barille fails to state a cause of action for breach of contract, and the circuit court properly dismissed her claim.

Barille next contends that the circuit court erred in dismissing her fraud claim for failure to state a cause of action.  Barille's fraud claim alleges that Allstate implemented a scheme or plan to increase its market share by increasing the costs attributable to the agents participating in the NOA program and then eliminating agents like her and retaining their business; fraudulently induced Barille into becoming an NOA; that an Allstate agent told Barille that her office would be strategically located to maximize her exposure and minimize competition from other agents; that her office would produce enough business to cause Allstate to reimburse her for all of her office expenses and that she would be provided with 200 unrepresented accounts as a starting base from which to develop sufficient client contact.  Allstate responds that Barille has not stated a fraud claim inasmuch as the merger clause of her contract made it unreasonable for her to rely on purported earlier oral misrepresentations and that all of Barille's allegations are nonactionable as nondisclosure, predictions of future events or puffing. 

In order to state a cause of action for fraud, the plaintiff must establish:  (1) a false statement of material fact; (2) known or believed to be false by the party making it; (3) intent to induce the other party to act; (4) action by the other party in justifiable reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance.  
Adler v. William Blair & Co.
, 271 Ill. App. 3d 117, 648 N.E.2d 226 (1995).  Statements regarding future events or circumstances are not a basis for fraud.  
Penzell
, 219 Ill. App. 3d 680, 579 N.E.2d 131.  However, there is an exception to this general rule.  Where the misrepresentation is alleged to be the mechanism by which the party making that representation intended to defraud, such misrepresentation as to future conduct is actionable.
  
Steinberg v. Chicago Medical School
, 69 Ill. 2d 320, 334 (1977).  Barille argues that she falls within this recognized exception.  

A party pleading fraud must allege facts sufficient to establish that its reliance on the alleged misrepresentations was justified.  
Adler
, 271 Ill. App. 3d 117, 648 N.E.2d 226.  In determining whether reliance was justifiable, all of the facts that the plaintiff knew, as well as those facts the plaintiff could have learned through the exercise of ordinary prudence, are taken into account.  
Central States Joint Board v. Continental Assurance Co.
, 117 Ill. App. 3d 600, 453 N.E.2d 932 (1983).  "A person may not enter into a transaction with his eyes closed to available information and then charge that he has been deceived by another."  
Central States
, 117 Ill. App. 3d at 606.

 In the present case, the element of justifiable reliance is absent.  It is well settled under the doctrine of merger and the parol evidence rule that a written agreement which is complete on its face supersedes all prior agreements on the same subject matter and bars the introduction of evidence concerning any prior term or agreement on that subject matter.  
Magnus v. Lutheran General Health Care System
, 235 Ill. App. 3d 173, 601 N.E.2d 907 (1992).  This particularly applies when the contract, as here, contains an unambiguous merger or integration clause.  
Magnus
, 235 Ill. App. 3d 173, 601 N.E.2d 907.  

Paragraph 14(C) of the contract provides:  

"You and the Company acknowledge that each has read the Employment Agreement and the Addendum, understands it and agrees to be bound by its terms, that it is the complete and exclusive statement of the agreement between you and the Company, and that it supersedes all proposals, oral or written, and all other communication between you and the Company relating to the subject matter of this Agreement."   

The language of this merger clause is unambiguous.  Since the contract was intended to be the complete and exclusive statement of the agreement between the parties, is specific and is complete on its face, it supersedes all proposals, oral or written, and all other communication between the parties, as clearly stated therein, which cannot be used to contradict the agreement.  In light of this language, Barille fails to state a cause of action for common law fraud, and the circuit court properly dismissed her fraud claim.       

Barille further contends that the circuit court erred in dismissing her claim under the Consumer Fraud Act (815 ILCS 505/1 
et seq
. (West 1994)), as she has standing and adequately stated a valid cause of action.  Specifically, Barille argues that there is no Illinois case prohibiting a cause of action by an employee against her employer for violations of the Act, and that the Act applies not only to causes of action by individual consumers but also to relationships among business people engaged in trade or commerce.  Allstate responds that Barille's claim under the Act is deficient because Barille is not a consumer but an employee/agent; does not claim to be a "consumer" within the definition of the statute; and has not alleged that consumer protection concerns have been implicated.  

To sustain a cause of action under the Consumer Fraud Act, a plaintiff must establish: (1) a deceptive act or practice, (2) intent on the defendants' part that plaintiff rely on the deception, and (3) that the deception occurred in the course of conduct involving trade or commerce.  
Siegel v. Levy Organization Development Co.
, 153 Ill. 2d 534, 542, 607 N.E.2d 194, 198 (1992).  The Consumer Fraud Act provides greater protection than the common law action for fraud, and a plaintiff suing under the Act need not establish the element of actual reliance.  
Adler
, 271 Ill. App. 3d 117, 648 N.E.2d 226.

The Consumer Fraud Act protects consumers who purchase merchandise or home improvement services for their own use.  
In re Estate of Szorek
, 194 Ill. App. 3d 750, 551 N.E.2d 697 (1990).  Barille correctly notes, however, that the Act is applicable not only to causes of action by individual consumers, but also to relationships among business persons engaged in trade or commerce.  
People ex rel. Scott v. Cardet International, Inc.
, 24 Ill. App. 3d 740, 321 N.E.2d 386 (1974); 
Sullivan's Wholesale Drug Co. v. Faryl's Pharmacy, Inc
.
, 214 Ill. App. 3d 1073, 573 N.E.2d 1370 (1991).  Nevertheless, this liberal interpretation and application of the Act were not intended to cover all commercial transactions regardless of the relationship between the parties involved.  
Bankier v. First Federal Savings & Loan Ass'n
, 225 Ill. App. 3d 864, 588 N.E.2d 391 (1992).    

Although the legislature amended the Act to provide specifically that "[p]roof of a public injury, a pattern, or an effect on consumers generally shall not be required" to recover damages under the Act (Pub. Act 86-801, eff. January 1, 1990; 815 ILCS 505/10a (West 1994)), post-amendment case law has continued to adhere to the general rule that the Act does not apply to every commercial transaction regardless of the relationship between the parties.  
Lake County Grading
 Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.
, 275 Ill. App. 3d 452, 654 N.E.2d 1109 (1995).  Thus, "when a dispute under the Act involves two businesses that are not consumers of each others products, the relevant inquiry remains whether the alleged conduct involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns."  
Empire Home Services, Inc. v. Carpet America, Inc.
, 274 Ill. App. 3d 666, 653 N.E.2d 852 (1995); 
Lake County Grading
, 275 Ill. App. 3d 452, 654 N.E.2d 1109. 

In the present case, Barille has not alleged that she is a consumer.  Rather, Barille was a business person engaged in  marketing and selling insurance policies on behalf of Allstate.  Nor has Barille alleged that Allstate's actions have affected competition, caused confusion to customers, influenced the market generally or otherwise implicated consumer protection concerns.    Therefore, Barille fails to state a cause of action under the Consumer Fraud Act (815 ILCS 505/1 
et seq
. (West 1994)).  

Finally, Barille contends that the circuit court abused its discretion by denying her motion to vacate and reconsider and  her motion to file a second amended complaint.  The purpose of a motion to vacate and reconsider is to allow the circuit court to review its decisions.  
Droen v. Wechsler
, 271 Ill. App. 332, 648 N.E.2d 981 (1995).  In Illinois, courts are encouraged to freely and liberally allow the amendment of pleadings.  
Lee v. Chicago Transit Authority
, 152 Ill. 2d 432, 605 N.E.2d 493 (1992).

Notwithstanding this liberal policy, there is no absolute right to amend a pleading.  
Butler v. Ken
t
, 275 Ill. App. 3d 217, 655 N.E.2d 1120 (1995).  

The circuit court has broad discretion in ruling upon motions to amend pleadings, and its ruling will not be disturbed absent an abuse of discretion.  
Butler
, 275 Ill. App. 3d 217, 655 N.E.2d 1120.  To determine whether the circuit court abused its discretion, four factors are considered: (1) whether the proposed amendment is timely; (2) whether previous opportunities to amend the pleading could be identified; (3) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; and (4) whether the proposed amendment would cure the defective pleading.  
Butler
, 275 Ill. App. 3d 217, 655 N.E.2d 1120.

In applying these factors to the instant case, it cannot be held that the circuit court abused its discretion in denying Barille's motion to vacate and reconsider and her motion to file a second amended complaint.  Following a hearing on Barille's motion to vacate and reconsider, in which the circuit court considered Barille's second amended complaint, Barille's motions were denied based upon the clear and unambiguous terms of the contract.  

Moreover, because the contract's merger clause extinguished any justifiable reliance by Barille on any prior or contemporaneous representations by Allstate, Barille's newly added allegation that Allstate told her she would receive 200 unrepresented accounts does not save her complaint.  The general rule is that the breach of a promise to perform a future act is not actionable as fraud.  
Bank of Lincolnwood v. Comdisco, Inc.
, 111 Ill. App. 3d 822, 444 N.E.2d 657 (1982).  

The exception to this general rule is "where the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud."  
Steinberg
, 69 Ill. 2d at 334.  Here, Barille does not allege that Allstate's representation concerning the 200 unrepresented accounts was the scheme employed to accomplish the fraud.  Rather, Barille alleges that the scheme employed by Allstate was to eliminate the agent force, thereby permitting Allstate to retain the book of business and market share developed by the R-1500 agents.

Furthermore, the undisputed fact of record is that Barille received the NOA manual at the time she was offered the opportunity to participate in the NOA program.  The NOA manual states that, "If you are a Direct Hire you 
may
 be assigned, 
where available, auto and property unrepresented accounts to service." (Emphasis added.)  This language clearly does not rise to the level of a guarantee that Barille will in fact receive 200 unrepresented accounts.  In contrast, the NOA manual received by Barille informed her of the mere possibility that she 
"
may
 be assigned, 
where available, auto and property unrepresented accounts to service."  Hence, the NOA manual also defeats Barille's claim of misrepresentation regarding the 200 unrepresented accounts.  

For the forgoing reasons, the proposed second amended complaint did not cure Barille's failure to state a cause of action against Allstate for breach of contract, common law fraud and violations of the Consumer Fraud Act (815 ILCS 505/1 
et seq
. (West 1994)). 

In summary, the parties' contract clearly and unambiguously provided that Allstate reserved the right to amend Barille's compensation and determine the premiums, fees, and charges for insurance or other business practices.  Accordingly, the order of the circuit court dismissing Barille's amended complaint, denying Barille's motion to vacate and reconsider, and denying Barille's motion to file a second amended complaint is affirmed.

Affirmed.

HARTMAN, P.J., and HOURIHANE, J., concur.