In the
United States Court of Appeals
For the Seventh Circuit

Nos. 98-2841 & 99-2020

Oak Park Trust and Savings Bank, as Trustee
under Trust Agreement No. 6716,
and Radcliff Development Corporation,

Plaintiffs, Counterdefendants-Appellees,

v.

C.G. Therkildsen,

Defendant, Counterplaintiff-Appellant.

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 96 C 2896--Charles P. Kocoras, Judge.

Argued February 9, 2000--Decided March 30, 2000

Before Bauer, Easterbrook, and Ripple, Circuit Judges.

Easterbrook, Circuit Judge.  Illinois law provides that a person named as a defendant in a lawsuit sometimes may pursue a claim that otherwise would be time-barred by asserting it as a counterclaim against the original plaintiff. 735 ILCS 5/13-207. When Radcliff Development Corporation/* sued the Village of Inverness and its Trustees for failing to provide compensation for water and sewer facilities that the Village required Radcliff to furnish to neighbors of a residential development, C.G. Therkildsen, one of the Trustees, saw this as an opening. Therkildsen had purchased a house in one of Radcliff's subdivisions. According to Therkildsen, Radcliff promised to maintain the subdivision as a gated community, with round-the-clock security, but has not kept this promise. By way of a counterclaim, Therkildsen sought treble damages under state law and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. sec.sec. 1962, 1964.

District Judge Duff, to whom Radcliff's suit was initially assigned, entered an order forbidding any of the defendants to file an answer to the complaint while the parties engaged in settlement negotiations. The basis of this order is not readily apparent, but it was not

appealable. Therkildsen filed his counterclaim before Judge Duff prohibited answers. After Judge Duff retired from active service, the case was reassigned to Judge Kocoras, who added a prohibition against "motions to dismiss and/or for summary judgment". After Radcliff moved to dismiss Therkildsen's counterclaim (violating Judge Kocoras's order in the process) on the ground that a counterclaim is supposed to accompany the answer, see Fed. R. Civ. P. 12(b), Therkildsen filed an answer--which Radcliff moved to strike, asserting not only that filing an answer violated Judge Duff's order but also that an answer was unnecessary because the parties were so close to settlement. Judge Kocoras granted this motion and struck Therkildsen's answer. 1997 U.S. Dist. Lexis 19516 (N.D. Ill. Dec. 4, 1997). Observing that Therkildsen had not answered the complaint, the judge then dismissed the counterclaim. Until an answer has been filed, the plaintiff has an unconditional right to dismiss the suit. Fed. R. Civ. P. 41(a)(1). Once the answer is on file, a judge may impose conditions to protect the interests of other parties. "If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." Fed. R. Civ. P. 41(a)(2). Having struck the answer, the district court dismissed the counterclaim without waiting for a motion under Rule 41(a), and without inquiring under Rule 41(a)(2) whether "the counterclaim can remain pending for independent adjudication by the court." Because timeliness of Therkildsen's action likely depended on 735 ILCS 5/13-207, which is not available if the claim must stand on its own, dismissal of the counterclaim prevents its refiling as an independent suit, whether or not it could be supported by federal jurisdiction.

Therkildsen asks us to hold that the district judge should not have struck his answer, and there is much to be said for his position. How can a district judge strike an answer that meets none of the conditions that Fed. R. Civ. P. 12(f) specifies for that action? A desire to avoid the application of Rule 41(a)(2) is not a good reason to strike an otherwise proper answer. Moreover, the foundation of dismissal--a motion under Rule 41(a)(1)--was missing. The district judge dismissed the action in anticipation of settlement. The order of December 1997 said that because agreement was imminent, an answer was unnecessary; because the answer had just been vaporized, the counterclaim could be dismissed without regard to Rule 41(a)(2). Yet the

plaintiff did not move for dismissal under Rule 41(a)(1). Instead the judge dismissed the suit on his own some months later, "with leave to reinstate" if a settlement were not reached by a date certain. That date was repeatedly extended, and the action did not come to an end (by the expiration of time to reinstate) until March 1999. As in Otis v. Chicago, 29 F.3d 1159 (7th Cir. 1994) (en banc), the court never did enter a proper judgment. Extended delay embarrasses the judge's assertion of December 1997 that settlement was only a few trivial details from completion, so that the court could act as if settlement had been consummated, as if an answer were pointless and had not been filed, as if there were no suit to which a counterclaim could pend, and as if a Rule 41(a)(1) motion had been filed. None of these "as ifs" was true.

We need not nail down the consequences of these events, however, because there is a compelling reason why Therkildsen's counterclaim was not properly before the court: lack of subject-matter jurisdiction. The district court hinted at this possibility when denying Therkildsen's motion for reconsideration. 1998 U.S. Dist. Lexis 9274 (N.D. Ill. June 19, 1998). Therkildsen's claim against Radcliff arises from events other than those that led to Radcliff's claim against the Village. It is therefore a permissive rather than a compulsory counterclaim. Fed. R. Civ. P. 13(b). As a permissive counterclaim, it is outside the supplemental jurisdiction (28 U.S.C. sec.1367(a) covers only "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution") and requires an independent basis of federal jurisdiction. By-Prod Corp. v. Armen-Berry Co., 668 F.2d 956, 961 (7th Cir. 1982); Clark v. Universal Builders, Inc., 501 F.2d 324, 341 (7th Cir. 1974); Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 6 Federal Practice and Procedure sec.1422 (2d ed. 1990). Because the parties are not of diverse citizenship, jurisdiction depends on a claim arising under federal law. All but one of Therkildsen's theories rests on Illinois law, however, and the exception is insubstantial.

The nub of Therkildsen's grievance is, to quote his brief: "Despite numerous written representations by Radcliff that the Development was a private gated community, some time after the house was built and Therkildsen moved in, Therkildsen came to realize that the Development would be neither private nor gated." If these "written representations" were sufficiently definite, then they formed part of the parties' contract, and Therkildsen has a simple contract

claim. If they were not definite, then Therkildsen has no claim at all, whether denominated contract or fraud. Eisenberg v. Goldstein, 29 Ill. 2d 617, 195 N.E.2d 184 (1963); Barille v. Sears, Roebuck & Co., 289 Ill. App. 3d 171, 682 N.E.2d 118 (1st Dist. 1997); see also Vaughn v. General Foods Corp., 797 F.2d 1403 (7th Cir. 1986) (Indiana law). RICO does not provide a federal treble-damages action for breach of contract. See Perlman v. Zell, 185 F.3d 850, 853 (7th Cir. 1999). Even if Radcliff's representations deserve the label "fraud," RICO still does not come into play unless the defendant conducted a pattern of racketeering. H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229 (1989); see also Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479 (1985). Therkildsen does not contend that Radcliff defrauded anyone other than purchasers at a single real estate development--one scheme at most, and well short of the required pattern. A plaintiff's failure to prove his contentions does not deprive a court of jurisdiction, Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89-90 (1998); Bell v. Hood, 327 U.S. 678, 682 (1946), but Therkildsen's RICO theory is so feeble, so transparent an attempt to move a state-law dispute to federal court and avoid the state statute of limitations, that it does not arise under federal law at all. See Goosby v. Osser, 409 U.S. 512, 518 (1973); Crowley Cutlery Co. v. United States, 849 F.2d 273 (7th Cir. 1988). Thus the district judge rightly dismissed Therkildsen's counterclaim, though not for the reasons the judge gave.

Affirmed

/* The complaint used "Radcliffe Development Corporation," but the firm's brief in this court drops the "e"--though its certificate of interest labels the party "Radcliffe Corporation." We use "Radcliff" because that spelling predominates in the most recent papers.