NANSEMOND WHARF–SUFFOLK PROPERTIES, LLC; Nansemond Wharf–Olde Towne Properties, LLC; The Young Family Partnership; Hubert H. Young, Jr.; Christine B. Young, Plaintiffs,

v.

The BANK OF SOUTHSIDE VIRGINIA; James W. Clements, II; J. Peter Clements, Defendants.

Civil No. 2:11cv160.

United States District Court, E.D. Virginia, Norfolk Division.

April 21, 2011.

454

Hubert H. Young, Jr., Suffolk, VA, for Plaintiffs.

Alan Durrum Wingfield, Troutman Sanders LLP, Richmond, VA, for Defendants.

### *ORDER OF REMAND*

REBECCA BEACH SMITH, District Judge.

On March 9, 2011, the plaintiffs filed a Complaint (the "Complaint") against the defendants in the Circuit Court of the City of Suffolk, Virginia. On March 14, 2011, the defendants removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446 claiming that this court has subject matter jurisdiction over it under the federal question jurisdiction statute, 28 U.S.C. § 1331. For the reasons discussed below, the court finds that subject matter juris-

diction is lacking. Therefore, the above-styled action is hereby **REMANDED,** pursuant, to 28 U.S.C. § 1447(c), to the Circuit Court of the City of Suffolk, Virginia, where it was originally filed.

## I. FACTS AND PROCEDURAL HISTORY

The plaintiffs seek judgment against the defendants on three counts: breach of contract, breach of implied covenant of good faith and fair dealing and fiduciary duty, and fraud and fraud in the inducement. The defendants assert that there is federal question jurisdiction on the sole ground that the Complaint's prayer for relief, states, "[t]he Plaintiffs claim that the Defendants are guilty of statutory violation of the RICO statute, which claim, if made in a proper court, would call for triple damages and attorney fees." Notice of Removal ¶ 5, ECF No. 1 (quoting Ex. A, Notice of Removal [hereinafter "Compl."]).

On March, 22, 2011, the court sua sponte raised a question concerning subject matter jurisdiction over the action. Order, ECF No. 4; *see Plyler v. Moore,* 129 F.3d 728, 732 n. 6 (4th Cir.1997) ("[Q]uestions concerning subject-matter jurisdiction may be raised at any time ... sua sponte by this court." (citations omitted)). The court questioned whether a brief, one-sentence reference to RICO in a nineteen page Complaint raises an issue of federal law capable of creating federal question jurisdiction. Order 2. The court noted that, although the Complaint presented two counts of contract claims and a count for a fraud claim, it did not contain a count for a civil RICO claim. *Id.* Rather, the Complaint, in the prayer for relief, provided an aberrant assertion that the defendants would be liable under the RICO statute "if" such a claim were "made in a proper court." Compl. 18. The court also noted that the Complaint did not provide any indication of the substance of any RICO claim. Order 2. The court directed the parties to advise the court further, if they so chose. *Id.* at 4. It admonished the parties that absent a showing that subject matter jurisdiction was proper, the court would remand this action to the Circuit Court of the City of Suffolk, Virginia. *Id.*

■ On April 1, 2011, the defendants responded in support of finding subject matter jurisdiction over the action. On April 6, 2011, the plaintiffs responded in support of remanding the action to state court.[1]

## II. DISCUSSION

This court may remand a case that has been removed from state court pursuant to 28 U.S.C. § 1447(c). *Andrews v. Link-Belt Constr. Equip.,* No. 3:06cv465, 2006 WL 2548190, at *1 (E.D.Va. Sept. 1, 2006). "The statute lists only a defect in removal

---

1. The plaintiffs' response was filed a day after the deadline to respond. The plaintiffs request that the court allow the response to be received. Pls.' Resp. 2, ECF No. 6–1. In support, the plaintiffs state that they did not receive the court's March 22, 2011 Order until April 5, 2011. *Id.* at 1. The plaintiffs also provide an affidavit from a paralegal in the office of the plaintiffs' counsel, attesting CD that the office was not aware of the court's March 22, 2011 order until they received and reviewed the defendants' April 1, 2011 response; (2) upon receiving such no- tice, counsel requested a mailed copy of the Order; and (3) upon receipt of the Order, they immediately began preparing a response. *Id.* at 4. "When an act may or must be done within a specified time, the court may, for good cause, extend the time ... on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B). The court **FINDS** excusable neglect, and, therefore, extends the deadline to respond to April 6, 2011. Accordingly, the court **ORDERS** the Clerk to file the plaintiffs' response.

procedure or a lack of subject matter jurisdiction as possible grounds for remand." *Id.* (citing 28 U.S.C. § 1447(c) and *Jamison v. Wiley,* 14 F.3d 222, 231 (4th Cir. 1994)). The propriety of removal in this action is dependent upon whether this court has subject matter jurisdiction. The defendants argue that they properly removed this action based upon this court's federal question jurisdiction under 28 U.S.C. § 1331 because the plaintiffs are pursuing a civil RICO claim, "albeit in a deceptive way." Defs.' Resp. 1–2, ECF No. 5. They argue that they need a federal forum to "obtain the sure, certain and firm dismissal with prejudice that such a frivolous RICO claim deserves." *Id.* at 1–2.

The plaintiffs "represent that they did *not* intend to present a RICO claim in this matter and that, instead, the 'RICO note' appearing was merely an insert from an earlier draft that had been prepared by a third party for review by the attorney for the Plaintiffs." Pls.' Resp. 2, ECF No. 6–1 (emphasis in original). The plaintiffs contend that their intent in prosecuting the claims in the Complaint is "consistent with the language of the Order of the Court and its interpretation." *Id.* at 2. They "have no objection to the Court ordering that the RICO claim be stricken before being remanded to the Suffolk Circuit Court or, in the alternative, that the Court remand it to the Suffolk Circuit Court with the understanding that the Plaintiffs will provide that Court of [sic] this statement and ask that it be stricken absent totally new, if any, facts to be alleged or pled during the hearing." *Id.*

■■■ The party seeking removal has the burden of establishing federal jurisdiction. *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994). The right to remove an action from state to federal court is a statutory right. *See* 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson,* 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002) (noting that the right of removal is "entirely a creature of statute"). Because removal raises significant federalism concerns, the court must strictly construe the removal statute. *See Dixon v. Coburg Dairy, Inc.,* 369 F.3d 811, 816 (4th Cir.2004) (en banc). In addition, doubts about the propriety of removal should be resolved in favor of remand. *See id.*

■■■ "Title 28 U.S.C. § 1441(a) provides the general rule of removal." *Guyon v. Basso,* 403 F.Supp.2d 502, 505 (E.D.Va. 2005). This statute states that a defendant "may remove 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1441(a)). As the Fourth Circuit has held, when assessing whether an action has been properly removed, the primary question is whether the action could have originally been brought in federal court. *Holley v. Harper,* No. 5:06cv425, 2007 WL 580573, at *1 (S.D.W.Va. Feb. 21, 2007) (citing *Pinney v. Nokia, Inc.,* 402 F.3d 430, 442 (4th Cir.2005)). "The federal question jurisdictional statute, 28 U.S.C. § 1331, gives the district court original jurisdiction of 'all civil actions arising under the laws of the Constitution, laws or treaties of the United States.'" *Id.* (quoting 28 U.S.C. § 1331). The scope of such jurisdiction is governed by the "'well pleaded complaint rule,'" which provides that "'[f]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Id.* (quoting *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

■■■ The defendants have not satisfied their burden of establishing federal question jurisdiction. As the court recognized in its March 22, 2011 Order, to pursue a RICO claim under any of the four

subsections of 18 U.S.C. § 1962, one must allege and prove that the defendants "engaged in a 'pattern of racketeering activity.'" *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 181 (4th Cir.2002) (citing *inter alia* 18 U.S.C. § 1962).[2] The Complaint does not suggest which subsection of 18 U.S.C. § 1962 the defendants violated, nor does it highlight conduct that might constitute a "pattern of racketeering activity." When the court compares the isolated RICO language to the rest of the complaint, in which the plaintiffs specifically set out three counts for relief and allege supporting facts, it is clear that the RICO language is an aberration. Indeed, the plaintiffs explain that the language was from an early draft complaint prepared by a third party for plaintiffs' counsel. As previously noted, federal courts are not bestowed with subject matter jurisdiction over ordinary breach of contract and common law fraud claims by the mere presence of the word "RICO" in a complaint. *See ePlus Tech., Inc.*, 313 F.3d at 181 (noting that "the statutory definition of racketeering activity does not include common law fraud"); *Oak Park Trust and Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000) ("RICO does not provide a federal treble-damage action for breach of contract." (citations omitted)); *see also Flip Mortg. Corp. v. McElhone*, 841 F.2d 531, 538 (4th Cir.1988) ("[T]his circuit will not lightly permit ordinary business contract or fraud disputes to be transformed into federal RICO claims."). The Complaint does not raise a RICO claim, it does not implicate any federal law, and, thus this court lacks federal question jurisdiction over the action. Accordingly, the defendants' removal is improper.

The defendants believe that the Complaint's reference to RICO is "an intentional trap set by the Plaintiffs for the Defendants." Defs.' Resp. 2. They assert that until the specter of a RICO claim is dismissed with prejudice they will be "under the noxious cloud of vexatious treble damages and attorneys' fees claim." *Id.* at 1. They ask the court to retain jurisdiction "through the Rule 12(b)(6) motion stage" or "[i]n the alternative, . . . make a merits determination with prejudice that Plaintiff's RICO claim is frivolous before remanding the remainder of the case." *Id.* The defendants' distress is unwarranted. The court declines to retain jurisdiction through the 12(b)(6) stage just so it can affirm what is apparent on the face of the Complaint: the plaintiffs did not bring a RICO claim.

The court also declines the plaintiffs request for an order that the passing reference to the RICO statute be stricken from the Complaint before being remanded. The plaintiffs may amend the Complaint in state court to strike that language or stipulate that they did not raise a RICO claim in the Complaint. As this action now stands before this court, the Complaint does not state a RICO claim, nor any federal claim cognizable in this court, and, thus, it is not removable. If subsequent "pleading[s], motion[s], order[s] or other paper[s]" in state court upset this conclusion, then the defendants may remove the action to federal court within thirty days of receipt of such filings. *See* 28 U.S.C. § 1446.

**2.** The predicate acts that qualify as racketeering activity are listed in 18 U.S.C. § 1961(1). "To have a 'pattern' of such activity, two or more predicate acts of racketeering must have been committed within a ten year period." *ePlus Tech., Inc.*, 313 F.3d at 181 (citing 18 U.S.C. § 1961(5)). "These requirements are designed to prevent RICO's harsh sanctions, such as treble damages, from being applied to garden-variety fraud schemes." *Id.* (citing *inter alia H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 233, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989)).

458

The Clerk is **DIRECTED** to send a copy of this Remand Order to counsel for the parties and to effect the remand to state court.

**IT IS SO ORDERED.**